IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **OTTIS FRANTOM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 4:18-cv-649 |
| **KIRSTJEN M. NIELSEN,** Secretary, | § | |
| U.S. Department of Homeland Security, | § | |
| Immigration and Customs Enforcement, | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF OTTIS FRANTOM'S ORIGINAL COMPLAINT

To the Honorable United States District Judge:

COMES NOW Ottis Frantom ("Frantom" or "Plaintiff"), by and through counsel, for his Complaint against Defendant Kirstjen M. Nielsen, Secretary, Department of Homeland Security, Immigration and Customs Enforcement ("Defendant" or "DHS") alleging this is a proceeding for damages to redress the deprivation of rights secured to Frantom by the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 ("ADEA").

## PARTIES

1.  Plaintiff, Ottis Frantom, is a 58 year-old individual who resides in Spring, Harris County, Texas. Frantom has been employed by the U.S. Immigration & Naturalization Service since 1990 and its successor agency, U.S. Immigration and Customs Enforcement, a division of the Department of Homeland Security, since its formation on March 1, 2003.

2.  Defendant, Kirstjen M. Nielsen, Secretary of the United States Department of Homeland Security, Immigration and Customs Enforcement is a governmental agency organized and existing under the laws of the United States of America. Defendant can be served by serving

1

the United States Attorney's Office in the Southern District of Texas at 1000 Louisiana St., Suite 2300, Houston, Texas 77002.

## JURISDICTION & VENUE

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(4) and pursuant to the Age Discrimination in Employment Act of 1967, as amended and modified, 29 U.S.C. §§ 621 *et seq*.

4.     Based on 28 U.S.C. § 1391 and the ADEA, venue is proper because the unlawful employment practices described herein were committed within the State of Texas and the jurisdiction of the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.

## PROCEDURAL & ADMINISTRATIVE REQUIREMENTS

5.     Pursuant to 29 C.F.R. §§ 1614.105 and 1614.204, Frantom made initial contact with an EEO Counselor on November 22, 2016 reporting allegations of discrimination on the basis of age (58 years-old).  This matter could not be resolved informally, and pursuant to 29 C.F.R. § 1614.204(c), Frantom timely filed a formal complaint on February 27, 2017.  Frantom's claims were formally investigated by Coleman & Hearns, LLC, a private investigation firm. Despite receiving Frantom's formal EEO complaint of discrimination in February 2017, the U.S. Immigration Customs and Enforcement, Office of Diversity and Civil Rights and its private investigation firm were unable to complete the investigation into Frantom's formal complaint within the proscribed 180 calendar days pursuant to 29 C.F.R. § 1614.108(e).  As a result, a Report of Investigation ("ROI") was not issued, as of the date of this filing, in response to Frantom's formal complaint of discrimination.

6. In accordance with 29 C.F.R. § 1614.108(g), Frantom was notified on January 23, 2018 that Defendant did not complete its investigation into his formal complaint of age discrimination. Consequently, Frantom does not seek a final agency decision regarding his EEO complaint nor has he requested a formal hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge. Instead, Frantom now files this action after 180 days from the date of the filing his EEO complaint pursuant to 29 C.F.R. § 1614.407. It is important to note that an appeal has not been filed and a final action has not been taken by the Agency. Therefore, Frantom has satisfied all procedural requirements necessary to bring this action.

## FACTUAL BACKGROUND

7. Frantom is a 58 year-old individual. Frantom began his employment with Defendant in 1990. Frantom has worked for Defendant in various roles at different locations. Specifically, Frantom began his employment as an INS Border Patrol agent before becoming an Immigration Inspector from 1990 to 2004. Next, Frantom worked as a Customs and Border Protection Officer from 2004 to 2005. Frantom began his tenure in the Enforcement and Removal Operations ("ERO") division in 2005 as a Deportation Officer before becoming a Supervisory Deportation Officer in 2012. In April 2016, Frantom returned to his role as a Deportation Officer.

8. In Frantom's most recent role of Deportation Officer, he was tasked – among other things – with preparing investigative reports, assisting in complex and sensitive seizures, and coordinating and negotiating with receiving countries for the receipt of deportees. Frantom was further responsible for working with other Federal law enforcement officials to identify,

locate and/or apprehend aliens and ensuring the physical removal of aliens from the United States at various stages of deportation proceedings.

9. In September 2016, the Houston Field Office conducted a bidding process where employees applied for available desired positions. The bidding process was purportedly designed to benefit officers with a high level of "seniority" and experience; however, this was not the case. "Senority" is defined as the length of I&NS service commencing with the first day of employment.[1] Applying this definition, Frantom was considered one of, if not, the most senior officer at the Houston Field Office. Yet, he was not permitted to bid on the more favorable assignments during the September 2016 bidding process while younger, less senior employees where allowed to have priority job assignment selections. Ultimately, Frantom was placed in the least desired position, Criminal Alien Program, 6 a.m.- 2 p.m. shift.

10. On or about November 14, 2016, Frantom applied for an assignment with the Compliance Enforcement Team. Despite being more qualified for this assignment because of his years of services and experience with Defendant, Frantom was non-selected for the more favorable position with the Compliance Enforcement Team. Instead, younger, less experienced – as it relates to Frantom – employees were selected for the position with the Compliance Enforcement Team. Again, Defendant's employment practices illustrate an egregious display of disparate treatment against Frantom on the basis of his age.

---

[1] Agreement 2000 Between U.S. Immigration and Naturalization Service and National Immigration and Naturalization Service Council.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
Age Discrimination in Violation of the ADEA

11. Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Complaint as if fully pleaded at length herein.

12. The acts, policies and practices of Defendant as alleged herein above, violate the ADEA's age discrimination provisions.

13. In subjecting Plaintiff to different and discriminatory treatment in the terms and conditions of his employment that of younger employees, Defendant willfully and intentionally discriminated against Plaintiff on the basis of age.

14. Defendant has also maintained a pattern and practice of age discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged or disciplined, caused adverse and discriminatory impact upon older employees, including Plaintiff.

15. Plaintiff has been damaged by Defendant's violation of the ADEA as hereinabove alleged or as proven at trial.

16. Because of the wrongful acts of Defendant as alleged herein, Plaintiff has been and will be required to employ physicians to examine, treat and care for him and will incur additional medical and economic damages in an amount to be proven at the time of trial.

17. As a result of the wrongful conduct as described herein, Plaintiff has been denied employment, denied promotions, and denied raises. As a result, Plaintiff seeks an award of back pay, front pay, and injunctive relief, according to proof at time of trial.

18. In doing the acts set forth above, Defendant acted intentionally, and with a conscious disregard of Plaintiff's right to equal employment opportunities regardless of age.

Defendant has acted, and continues to act, with a reckless disregard of its obligations under the law. Defendant's conduct, as alleged herein, was and is despicable, malicious and oppressive. Plaintiff is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

## DAMAGES

19. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, Plaintiff has suffered grievous harm, including but not limited to:

   a. Loss of wages and benefits, including front pay and back pay,

   b. Humiliation and embarrassment among coworkers and others,

   c. Mental anguish and emotional distress,

   d. Sustained damage to Plaintiff's credibility, and

   e. Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEY'S FEES

20. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 425, Houston, Texas 77027, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

21. Plaintiff hereby requests a jury trial for all claims.

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff prays that the Court order to award such relief including the following:

   A. Declare Defendant's conduct in violation of Plaintiff's rights;

B. Enjoin the Defendant from engaging in such conduct;

C. Award Plaintiff actual damages;

D. Order Defendant to pay Plaintiff back pay and front pay and benefits;

E. Award Plaintiff compensatory damages for mental anguish;

F. Award Plaintiff punitive damages to be determined by the trier of fact;

G. Award Plaintiff liquidated damages;

H. All other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 425
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

* Attorney in charge for Ottis Frantom